IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ACMA USA, INC. | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) Civil No.  3:08-cv-0071HEH |
| | ) |
| SUREFIL, LLC | ) |
| | ) |
|     Defendant | ) |

**MEMORANDUM OF ACMA USA, INC. IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 36 AND LOCAL RULE 37 TO DETERMINE SUFFICENCY OF OBJECTIONS OF SUREFIL LLC TO CERTAIN REQUESTS FOR ADMISSIONS AND TO COMPEL ANSWERS TO CERTAIN INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

  In support of its cited motion filed herein, ACMA USA, Inc., by counsel, respectfully represents:

INTRODUCTION

  In its complaint filed herein, ACMA alleged, *inter alia*, that it sold (paragraph 7) a certain ACMA M0528/12 – 150 Mononbloc filler and capper machine (the "ACMA Machine") to Surefil with deferred payments of $296,782.68 due on January 25, 2008 (deferred from January 2, 2008) (complaint paragraph 30) and $297,782.68 to become due October 3, 2008 (*e.g.*, complaint paragraph 22). Surefil's answer paragraph 7 admits that Surefil purchased this machine and that "Surefil has attempted to use the ACMA Machine its business." Nowhere in the answer or the affirmative defenses does Surefil contend or claim that it ever rejected the ACMA

W. R. Baldwin, III (VSB #16988)
W. Reilly Marchant (VSB #18591)
Marchant, Honey & Baldwin, LLP
5600 Grove Avenue
Richmond, VA  23226
Voice:  (804) 285-3888
Fax:  (804) 285-7779
Counsel for. ACMA USA, Inc.

Machine for any reason.

Surefil has had custody of the ACMA Machine since delivery in late March, 2007.

The Uniform Commercial Code (UCC) in effect in Virginia (VA Code § 8.2-606) and Michigan ( MI Code § 440.2606) provides that a buyer of goods as a matter of law has accepted those goods when the buyer fails to make an effective rejection of the goods. When a buyer accepts goods, then under the UCC (VA Code § 8.2-607(1); MI Code § 440.2608(1)) "the buyer must pay at the contract rate for any goods accepted." The UCC requires that the "[r]ejection of goods must be within a reasonable time after their delivery or tender" (VA Code § 8.2-602; MI Code 440.2602). Finally, the UCC authorizes an accepting buyer to revoke the acceptance under certain conditions (VA Code § 8.2-608; MI Code 440.2608).

The information available to ACMA (interviews of ACMA personnel, review of ACMA records as well as documents provided by Surefil) has led ACMA to conclude that Surefil never rejected or attempted to reject the purchase of the ACMA Machine under the UCC (or otherwise) and never sought in any way to revoke the acceptance of the ACMA Machine. As a result, on May 9, 2008 ACMA served certain discovery on Surefil attempting to confirm for the purposes of this case that Surefil under the UCC has accepted the ACMA machine, never rejected or revoked or sought to reject or revoke that acceptance and now "must pay at the contract rate for any goods accepted."

The discovery served by ACMA to that effect is attached as Exhibit A. It consists of various requests for admissions relating to the facts underlying the issue of acceptance, an interrogatory to be answered only if Surefil's response to the requested admissions was anything other than a unqualified admission, an interrogatory seeking the details of any purported rejection and a document request seeking documents identified in the interrogatory answers.

Surefil served its objections to this discovery on May 23, 2008 by paper, true copy attached as Exhibit B.[1] While the paper contains a number of general objections, there was no specific objection to any particular request for admission, interrogatory or document request.

Surfil served its response to the Requests for Admissions on June 9, 2008, true copy attached as Exhibit C. Only one request received an actual admission or denial, #3, which provided as follows:

> 3. Surefil has listed the ACMA Machine as its property on its financial statements and lists the ACMA Machine as a depreciable asset on its federal and state income tax returns.
>
> **RESPONSE:** Denied as stated. The ACMA Machine is not specifically listed as a depreciating asset on Surefil's financial statements or tax returns. It is, however, admitted that the ACMA Machine is included among Surefil's overall depreciating assets for both financial statement and tax return purposes.

ACMA requests no relief regarding this response.

In contrast, Surefil gave the following response to every other request for admissions:

> <u>**RESPONSE**</u>: Surefil objects to this Request for Admission in that it improperly requests responses to alternative applications of various laws to facts, and/or seeks alternative opinions of both fact and law. This results in the impossible situation of a simple admission or denial to the Request as stated.
>
> Counsel for Surefil will reply to proper Requests for Admission regarding such areas of inquiry once they are created and served.

There was no admission or denial. There was no answer to either interrogatory 1 or 2, or to the document request included in Exhibit A to this memorandum.

---

[1] These objections were signed by Surefil's Michigan counsel, not Surefil's local counsel. Counsel for ACMA has brought to the attention of local Surefil counsel the question of whether under Local Rule 83.1 local counsel, not Michigan counsel, should have signed the paper.

ARGUMENT

I.  The Objection is Not Well Grounded

Rule 26(b)(1) of the Federal Rules of Civil Procedure authorizes discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."  Rule 36(a) allows a request to admit "the truth of any matters within the scope of Rule 26(b)(1)" and broadly includes matters that "relate to statements or opinions of fact or of the application of law to fact." Rule 36 also addresses the form for the request:  "[e]ach matter of which an admission is requested shall be separately set forth."

Neither Rule 26 nor Rule 36 include as a basis for objection that the request seeks responses "to alternative applications of various laws to facts, and/or seeks alternative opinions of both fact and law." Indeed, since the Federal Rules of Civil Procedure allow pleading in the alternative (*e.g.*, Rule 8(a) "[r]elief in the alternative or of several different types may be demanded"; Rule 8(e)(2) "[a] party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses"), it would seem strange if the same Federal Rules prohibited discovery of a claim or defense in a manner analogous to the manner in which the claim or defense was raised.

A search of Supreme Court and United States Court of Appeals for the Fourth Circuit disclosed no cases on the merits of Surefil's "alternative" objection; a more limited search of reported decisions in the United States District Court for the Eastern District of Virginia also disclosed no opinions on the point. A query to opposing counsel in the required consultation prior to filing this motion also disclosed no case authority.

Even if authority in support of the objection existed, however, the matters requested to be admitted are not "alternative" in any normal meaning of the word. Virginia and Michigan both have adopted the UCC and while the headings of pertinent code sections differ between the states,[2] the substance of each of the pertinent sections is the same. Thus, asking for a response under the UCC does not require "alternative responses"; the substantive law is the same.

Accordingly, the matters requested to be admitted are straightforward and to the point. There is no confusing interplay of alternative laws and facts and it is the stated objection by Surefil, not the request for admissions, that violates the Federal Rules of Civil Procedure.

II.     The "Alternative" Objection was not timely under Local Rule

As an additional and alternative ground for relief, ACMA USA requests the Court to note that , Local Rule 26(C) requires in pertinent part that "an objection to any interrogatory, request, or application under Fed. R. Civ. P. 26 through 37, shall be served within fifteen (15) days after the service of the interrogatories, request, or application." The objections served by Surefil (Exhibit B) make no objection in any way inclusive of the objections included in Exhibit C. The objections that are subject of this motion accordingly are more than 2 weeks late.

Finally, since Surefil's responses to the requests for admissions were something other than an unqualified admission, Surefil was required to answer the interrogatory 1, which it did not. Indeed, Surefil did not answer interrogatory 2 either ("To the extent not answered in the preceding interrogatory, describe all communications with ACMA USA by which or through which you rejected the ACMA Machine under Article 2 of the Uniform Commercial Code or through which you gave notice of a rejection . . . "). While it may be a permissible inference that Surefil did not answer these interrogatories because any proper answer would confirm Surefil

---

[2] Virginia appears to follow the same captioning as the Official version of the UCC; Michigan does not.

never rejected the ACMA Machine, Surefil was required to provide an answer. Their failure to provide the answer should not be permitted.

## CONCLUSION

Surefil may have the legal and business objective of paying only $273,506.33 for a $868,071.69 machine, but the Uniform Commercial Code in effect in Michigan and Virginia does not permit this. If Surefil did not reject the ACMA machine in the manner required by the UCC, then the law requires that Surefil pay the balance of $594,565.36 as agreed. The contested discovery is designed to eliminate the issue of whether Surefil ever rejected the ACMA Machine from contention because, ACMA believes, there is no genuine (or any) dispute over this point. Surefil obviously was unable to deny in good faith the matters requested to be admitted, was unwilling actually to admit them and instead chose to object to the admissions, late and on improper grounds.

With respect to the interrogatories and document request, Surefil has taken a more direct route: it simply refuses to answer.

ACMA believes that the discovery at issue herein, Properly responded to, would go a long way to resolving the dispute between the parties. Surefil did not timely reject the ACMA Machine and should not be permitted to twist the discovery process to avoid acknowledging this point. Surefil has had a month to consider this discovery and the point of whether it ever rejected the ACMA machine in a fashion required by the Uniform Commercial Code. Surefil requires little additional time to make a proper response and this Court holds the power to assure a proper response will be made with all proper speed.

WHEREFORE, premises considered, ACMA USA, Inc., by counsel, respectfully moves the Court to grant the requested relief and such other relief as is proper.

ACMA USA, INC.

June 16, 2008						By: /s/W. R. Baldwin, III
								Of Counsel

W. R. Baldwin, III (VSB #16988)
W. Reilly Marchant (VSB #18591)
Marchant, Honey & Baldwin, LLP
5600 Grove Avenue
Richmond, VA  23226
Voice:  (804) 285-3888
Fax:  (804) 285-777
Counsel for ACMA USA, Inc.

Email: billbaldwin@comcast.net
	ry@mthblaw.com

Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Bruce M. Marshall, Esq.
Christine A. Williams, Esq.
DurretteBradshaw, PLC
600 East Main Street, 20th Floor
Richmond, Virginia 23219

/s/W. R. Baldwin, III
W. R. Baldwin, III
Email: billbaldwin@comcast.net

7