Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ACMA USA, INC. | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | ) Civil No. 3:06-cv-0071HEH- |
| | ) |
| SUREFIL, LLC | ) |
| | ) |
|       Defendant | ) |

**SECOND DISCOVERY OF ACMA USA, INC. TO SUREFIL, LLC**

ACMA USA, Inc. ("ACMA USA"), by counsel, under Fed. R. Civ. P. 26, 33, 34 and 36 serves this Second discovery on Surefil, LLC, party herein.

Definitions previously stated are incorporated by this reference.

FIRST REQUEST FOR ADMISSIONS

ACMA USA, INC., by counsel, under Fed. R. Civ. P. 36, requests you to admit the truth of the following matters within 30 days after service or within such shorter or longer time as the court may allow or as the parties may agree to in writing. In accordance with Rule 36, you are reminded that statements or opinions of fact and the application of law to fact are all proper subjects of a request for admission. You also are reminded that no objection shall be made unless reason therefore has been stated. Lack of knowledge is an insufficient reason for not admitting a fact unless you state you have made reasonable inquiry and that the information

W. R. Baldwin, III (VSB #16988)
W. Reilly Marchant (VSB #18591)
Marchant, Honey & Baldwin, LLP
5600 Grove Avenue
Richmond, VA  23226
Voice:  (804) 285-3888
Fax:  (804) 285-7779
Counsel for. ACMA USA, Inc.

known or readily obtainable is insufficient to enable you to admit or deny. Failure to comply with Rule 36 may cause the Court to deem that the matter is admitted or to impose other sanction.

     1.    Surefil did not reject ACMA Machine when delivered to Surefil on the grounds that such delivery was nonconforming because of failure to comply with contracted for delivery dates or for any other reason under Article 2 of the Uniform Commercial Code as enacted in either the Commonwealth of Virginia (*e.g.*, Va. Code §§ 8.2-508, 8.2-510, 8.2-601) or the State of Michigan.

     Response:

     2.    Surefil never rejected the ACMA Machine for any reason under Article 2 of the Uniform Commercial Code as enacted in either the Commonwealth of Virginia (*e.g.*, Va. Code §§ 8.2-508, 8.2-510, 8.2-601, 8.2-602 ) or the State of Michigan.

     Response:

     3.    Surefil has listed the ACMA Machine as its property on its financial statements and lists the ACMA Machine as a depreciable asset on its federal and state income tax returns.

     Response:

  4. Surefil is deemed to have accepted the ACMA Machine Article 2 of the Uniform Commercial Code as enacted in either the Commonwealth of Virginia (*e.g.*, Va. Code §§ 8.2-606) or the State of Michigan.

  Response:


.


  5. Because Surefil is deemed to have accepted the ACMA Machine under Article 2 of the Uniform Commercial Code as enacted in either the Commonwealth of Virginia (e.g., Va. Code § 8.2-607) or the State of Michigan, Surefil as "buyer must pay at the contract rate for any goods accepted."

  Response:



  6. Surefil never revoked any acceptance of the ACMA Machine under Article 2 of the Uniform Commercial Code as enacted in either the Commonwealth of Virginia (e.g., Va. Code § 8.2-607, 8.2-608) or the State of Michigan.

  Response:



  7. Surefil never rightfully revoked any acceptance of the ACMA Machine under Article 2 of the Uniform Commercial Code as enacted in either the Commonwealth of Virginia (e.g., Va. Code § 8.2-607, 8.2-608, 8.2-711) or the State of Michigan.

  Response:

## FIRST INTERROGATORIES

ACMA USA, by counsel, under Fed. R. Civ. P. 33 propounds the following interrogatories for answer under oath within 30 days of service hereof or such other period as may be applicable under applicable rule or court order:

1.   For each and every response to any request for admissions served herewith where your response is anything other than an unqualified admission, summarize the factual basis for your response, identify all witnesses thereto and identify all documents that reflect, refer to or relate to such factual basis.

Answer:

      2.      To the extent not answered in the preceding interrogatory, describe all communications with ACMA USA by which or through which you rejected the ACMA Machine under Article 2 of the Uniform Commercial Code or through which you gave notice of a rejection by date of communication, contents of communication, originator of the communication, intended recipient of the communication and identify all witness to such any such communication and of individual to whom such communication was transmitted all documents that reflect, refer to or relate to such communication.

Answer:

SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

ACMA USA, Inc., by counsel, under Fed. R. Civ. P. 26 and 34 serves its First Request for Production of Documents and Things on Surefil, LLC and requests the production for inspection and copying, within 30 days of service hereof or such other period as may be applicable under applicable rule or court order, at the offices of the undersigned counsel, all of those documents and things responsive to the specifications listed below. Please specify which documents are produced in response to each of the numbered paragraphs.

SPECIFICATION OF DOCUMENTS AND THINGS TO BE PRODUCED

The documents and things to be produced are *all* documents and things within your possession, custody, control, or otherwise available to you and reflecting, referring to, or in any way relating to, in whole or in part, the following matters:

1. Any documents identified in your answer to the interrogatories served herewith.

Response:

ACMA USA, INC.

April 28, 2008              By: _____
                                   Of Counsel

W. R. Baldwin, III (VSB #16988)
W. Reilly Marchant (VSB #18591)
Marchant, Honey & Baldwin, LLP
5600 Grove Avenue
Richmond, VA 23226
Voice: (804) 285-3888
Fax: (804) 285-777
Counsel for ACMA USA, Inc.

Email: billbaldwin@comcast.net
       ry@mthblaw.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2008, I caused a true copy of the foregoing to be served by hand on:

> Bruce M. Marshall, Esq.
> Christine A. Williams, Esq.
> DurretteBradshaw, PLC
> 600 East Main Street, 20th Floor
> Richmond, Virginia 23219

_____
W. R. Baldwin, III

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ACMA USA, INC.

    Plaintiff/Counter-Defendant,       Case No. 3:08CV071

v                                                    HON. HENRY E. HUDSON

SUREFIL, LLC,

    Defendant/Counter-Plaintiff.

---

W.R. Baldwin, III (VSB #16988)
W. Reilly Marchant (VSB #18951)
MARCHANT, HONEY & BALDWIN
Attorneys for ACMA USA, Inc.
5600 Grove Avenue
Richmond, VA 23226
(804) 285-3888

Bruce Marshall (VSB #18093)
DURRETTE BRADSHAW, PLC
Attorneys for Surefil, LLC
Main Street Centre, 20th Floor
600 East Main Street
Richmond, VA 23219
(804) 775-6900

Dan E. Bylenga, Jr. (MISB #P32154)
Anthony A. Pearson (MISB #P56920)
RHOADES McKEE
Attorneys for Surefil, LLC
600 Waters Building
161 Ottawa Avenue, NW, #600
Grand Rapids, MI 49503
(616) 233-5161 / (616) 233-5180

---

## SUREFIL'S OBJECTIONS TO ACMA USA, INC.'S SECOND DISCOVERY

Defendant/Counter-Plaintiff Surefil, LLC, by counsel, responds as follows to Plaintiff/Counter-Defendant ACMA USA, Inc.'s Second discovery.

1

A. Surefil generally objects to the Requests to the extent they seek documents and information subject to the attorney-client privilege, the attorney work product doctrine or any other statutory or common law privilege.

B. Surefil generally objects to the Requests as overly broad, unduly burdensome and beyond the scope of discovery permitted by the Federal Rules of Civil Procedure, including local rules, to the extent that it purports to require Surefil to supply ACMA with documents and information that are not within Surefil's actual possession, custody or control.

C. Surefil generally objects to the Requests to the extent it attempts to impose obligations beyond those required by the Federal Rules of Civil Procedure, including local rules.

D. Surefil objects to the Requests insofar as they seek documents and information that are not relevant to, or are not reasonably calculated to lead to the discovery of evidence relevant to, any issue in this case.

E. Surefil objects to each definition, instruction and request to the extent that it demands disclosures of any individual's home address or other confidential item of personal or private information, or purports to require Surefil to supply the requesting party with documents in violation of any obligations to protect the privacy and confidentiality of others.

2

F. Surefil objects to these discovery requests to the extent that they call for information or documents in the possession, custody and/or control of third parties.

Each of the General Objections set forth above is incorporated by reference into each specific response set forth below, regardless of whether the specific response explicitly restates that General Objection. Investigation continues, and Surefil reserves the right to supplement these responses and to object on any applicable basis to ACMA's use of any of the information or documents produced in response to these Requests if and when they are offered into evidence in this litigation. All information set forth herein is provided for use in this litigation proceeding only and for no other purpose.

## FIRST REQUEST FOR ADMISSIONS

ACMA USA, INC., by counsel, under Fed. R. Civ. P. 36, requests you to admit the truth of the following matters within 30 days after service or within such shorter or longer time as the court may allow or as the parties may agree to in writing. In accordance with Rule 36, you are reminded that statements or opinions of fact and the application of law to fact are all proper subjects of a request for admission. You also are reminded that no objection shall be made unless reason therefore has been stated. Lack of knowledge is an insufficient reason for not admitting a fact unless you state you have made reasonable inquiry and that the information known or readily obtainable is insufficient to enable you to admit or deny. Failure to comply with Rule 36 may cause the Court to deem that the matter is admitted or to impose other sanction.

1. Surefil did not reject ACMA Machine when delivered to Surefil on the grounds that such delivery was nonconforming because of failure to comply with contracted for delivery dates or for any other reason under Article 2 of the Uniform Commercial Code as enacted in

either the Commonwealth of Virginia (e.g., Va. Code § 8.2-508, 8.2-510, 8.2-601) or the State of Michigan.

**Response:**


2.  Surefil never rejected the ACMA Machine for any reason under Article 2 of the Uniform Commercial Code as enacted in either the Commonwealth of Virginia (e.g., Va. Code § 8.2-508, 8.2-510, 8.2-601, 8.2-602) or the State of Michigan.

**Response:**


3.  Surefil has listed the ACMA Machine as its property on its financial statements and lists the ACMA Machine as a depreciable asset on its federal and state income tax returns.

**Response:**


4.  Surefil is deemed to have accepted the ACMA Machine Article 2 of the Uniform Commercial Code as enacted in either the Commonwealth of Virginia (e.g., Va. Code §§ 8.2-606) or the State of Michigan.

**Response:**


5.  Because Surefil is deemed to have accepted the ACMA Machine under Article 2 of the Uniform Commercial Code as enacted in either the Commonwealth of Virginia (e.g., Va. Code § 8.2-607) or the State of Michigan, Surefil as "buyer must pay at the contract rate for any goods accepted."

*Response:*


6.  Surefil never revoked any acceptance of the ACMA Machine under Article 2 of the Uniform Commercial Code as enacted in either the Commonwealth of Virginia (e.g., Va. Code § 8.2-607, 8.2-608) or the State of Michigan.

**Response:**

4

7. Surefil never rightfully revoked any acceptance of the ACMA Machine under Article 2 of the Uniform Commercial Code as enacted in either the Commonwealth of Virginia (e.g., Va. Code § 8.2-607, 8.2-608, 8.2-711) or the State of Michigan.

**Response:**

# FIRST INTERROGATORIES

ACMA USA, by counsel, under Fed. R. Civ. P. 33 propounds the following interrogatories for answer under oath within 30 days of service hereof or such other period as may be applicable under applicable rule or court order:

1. For each and every response to any request for admissions served herewith where your response is anything other than an unqualified admission, summarize the factual basis for your response, identify all witnesses thereto and identify all documents that reflect, refer to or relate to such factual basis.

**Answer:**

2. To the extent not answered in the preceding interrogatory, describe all communications with ACMA USA by which or through which you rejected the ACMA Machine under Article 2 of the Uniform Commercial Code or through which you gave notice of a rejection by date of communication, contents of communication, originator of the communication, intended recipient of the communication and identify all witness to such any such communication and of individual to whom such communication was transmitted all documents that reflect, refer to or relate to such communication.

**Answer:**

# SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

ACMA USA, Inc., by counsel, under Fed. R. Civ. P. 26 and 34 serves its First Request for Production of Documents and Things on Surefil, LLC and requests the production for inspection and copying, within 30 days of service hereof or such other period as may be applicable under applicable rule or court order, at the offices of the undersigned counsel, all of

5

those documents and things responsive to the specifications listed below. Please specify which documents are produced in response to each of the numbered paragraphs.

### SPECIFICATION OF DOCUMENTS AND THINGS TO BE PRODUCED

The documents and things to be produced are all documents and things within your possession, custody, control, or otherwise available to you and reflecting, referring to, or in any way relating to, in whole or in part, the following matters:

1. Any documents identified in your answer to the interrogatories served herewith.

**Response:**

|  |  |
|---|---|
| | RHOADES McKEE |
| | Attorneys for Defendant/Counter-Plaintiff |
| Date: May 23, 2008 | By: _____ |
| | Anthony A. Pearson (P56920) |
| | Business address: |
| | 161 Ottawa Avenue, N.W., Suite 600 |
| | Grand Rapids, MI 49503-2793 |
| | Telephone: (616) 235-3500 |

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May, 2008, Defendant/Counter-Plaintiff's Objections to Plaintiff/Counter-Defendant ACMA USA, Inc.'s Second Discovery were served via First Class Mail on:

W.R. Baldwin, III, Esquire
W. Reilly Marchant, Esquire
Marchant, Honey & Baldwin
5600 Grove Avenue
Richmond, Virginia 23226

/s/ Anthony A. Pearson
Anthony A. Pearson

Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ACMA USA, INC.,

        Plaintiff,

v.                                      Civil Action No.: 3:08CV0071

SUREFIL, LLC,

        Defendant.

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION

COMES NOW Defendant, Surefil, LLC, ("Defendant"), by counsel, and submits its Responses to Plaintiff's First Requests for Admission.

### Objections

Defendant again objects to the Definitions and Instructions in Plaintiff's First Request for Production of Documents and Things and are incorporated by this reference, and Defendant provides these responses in accordance with the Federal Rules of Civil Procedure.

### Responses to First Request for Admissions

1. Surefil did not reject ACMA Machine when delivered to Surefil on the grounds that such delivery was nonconforming because of failure to comply with contracted for delivery dates or for any other reason under Article 2 of the Uniform Commercial Code as enacted in either the Commonwealth of Virginia (*e.g.*, Va. Code §§ 8.2-508, 8.2-510, 8.2-601) or the State of Michigan.

    **RESPONSE**: Surefil objects to this Request for Admission in that it improperly contains Requests in the alternative, asks for alternative applications of laws, and/or seeks alternative opinions of both law and fact. This results in the impossible situation of a simple admission or denial to the Request as stated.

Counsel for Surefil will reply to proper Requests for Admission regarding such areas of inquiry once they are created and served.

2. Surefil never rejected the ACMA Machine for any reason under Article 2 of the Uniform Commercial Code as enacted in either the Commonwealth of Virginia (*e.g.*, Va. Code §§ 8.2-508, 8.2-510, 8.2-601, 8.2-602) or the State of Michigan.

**RESPONSE**: Surefil objects to this Request for Admission in that it improperly requests alternative applications of laws to facts. This results in the impossible situation of a simple admission or denial to the Request as stated.

Counsel for Surefil will reply to proper Requests for Admission regarding such areas of inquiry once they are created and served.

3. Surefil has listed the ACMA Machine as its property on its financial statements and lists the ACMA Machine as a depreciable asset on its federal and state income tax returns.

**RESPONSE**: Denied as stated. The ACMA Machine is not specifically listed as a depreciating asset on Surefil's financial statements or tax returns. It is, however, admitted that the ACMA Machine is included among Surefil's overall depreciating assets for both financial statement and tax return purposes.

4. Surefil is deemed to have accepted the ACMA Machine Article 2 of the Uniform Commercial Code as enacted in either the Commonwealth of Virginia (*e.g.*, Va. Code §§ 8.2-606) or the State of Michigan.

**RESPONSE**: Surefil objects to this Request for Admission in that it improperly requests alternative applications of laws to facts. This results in the impossible situation of a simple admission or denial to the Request as stated.

Counsel for Surefil will reply to proper Requests for Admission regarding such areas of inquiry once they are created and served.

5. Because Surefil is deemed to have accepted the ACMA Machine under Article 2 of the Uniform Commercial Code as enacted in either the Commonwealth of Virginia (e.g., Va. Code § 8.2-607) or the State of Michigan, Surefil as "buyer must pay at the contract rate for any goods accepted."

**RESPONSE**: Surefil objects to this Request for Admission in that it improperly sets out an alternative series of facts, and requests alternative applications of

2

various laws to facts. This results in the impossible situation of a simple admission or denial to the Request as stated.

Counsel for Surefil will reply to proper Requests for Admission regarding such areas of inquiry once they are created and served.

6. Surefil never revoked any acceptance of the ACMA Machine under Article 2 of the Uniform Commercial Code as enacted in either the Commonwealth of Virginia (e.g., Va. Code § 8.2-607, 8.2-608) or the State of Michigan.

**RESPONSE**: Surefil objects to this Request for Admission in that it improperly requests responses to alternative applications of various laws to facts, and/or seeks alternative opinions of both fact and law. This results in the impossible situation of a simple admission or denial to the Request as stated.

Counsel for Surefil will reply to proper Requests for Admission regarding such areas of inquiry once they are created and served.

7. Surefil never rightfully revoked any acceptance of the ACMA Machine under Article 2 of the Uniform Commercial Code as enacted in either the Commonwealth of Virginia (e.g., Va. Code § 8.2-607, 8.2-608, 8.2-711) or the State of Michigan.

**RESPONSE**: Surefil objects to this Request for Admission in that it improperly requests responses to alternative applications of various laws to facts, and/or seeks alternative opinions of both fact and law. This results in the impossible situation of a simple admission or denial to the Request as stated.

Counsel for Surefil will reply to proper Requests for Admission regarding such areas of inquiry once they are created and served.

SUREFIL, LLC,

By /s/ *[signature]*
Of Counsel

Bruce M. Marshall, Esquire (VSB No. 18093)
Christine A. Williams, Esquire (VSB No. 47074)
DurretteBradshaw PLC
600 East Main Street, 20th Floor
Richmond, Virginia 23219
Telephone:  (804) 775-6900
Facsimile:  (804) 775-6911

Dan E. Bylenga, Jr., Esquire (MISB No. P32154)
Anthony A. Pearson, Esquire (MISB No. P56920)
Rhoades McKee, PC
161 Ottawa Avenue, NW, Suite 600
Grand Rapids, Michigan 49503
Telephone:  (616) 233-5161
Facsimile:  (616) 459-5102

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June, 2008, a true and accurate copy of the foregoing was transmitted via first-class mail, postage prepaid, to:

W. R. Baldwin, III, Esquire
W. Reilly Marchant, Esquire
Marchant, Honey & Baldwin, LLP
5600 Grove Avenue
Richmond, Virginia 23226

/s/ Bruce M. Marshall
Bruce M. Marshall