UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

ACMA USA, INC.,

    Plaintiff,

v.                                                      Civil No. 3:08cv071

SUREFIL, LLC,

    Defendant.

## MEMORANDUM OPINION

The Honorable Henry E. Hudson referred the discovery disputes in the above captioned case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). Before the Court is the Motion of ACMA USA, Inc. under Fed. R. Civ. P. 36 and Local Rule 37 to Determine Sufficiency of Objections of Surefil LLC to Certain Requests for Admissions and to Compel Answers to Interrogatories and Request for Production of Documents. ("Motion to Compel") (Docket No. 37.) The parties have briefed the matter and do not seek oral hearing. The motion is ripe for adjudication.

## I. Background

ACMA USA, Inc. ("ACMA") filed this lawsuit against Surefil, LLC ("Surefil") alleging breach of contract related to ACMA's sale of a 150 Mononbloc filler and capper machine to Surefil. ACMA alleges that Surefil stopped making payments for the machine. Surefil filed a counterclaim alleging breach of contract, promissory estoppel, breach of good faith, negligent and innocent misrepresentation, and breach of warranties. Surefil alleges that there were

problems with the machine and that ACMA misrepresented the quality and condition of the machine.

## II. Procedural History

On May 9, 2008, ACMA served Surefil with its "Second Discovery of ACMA USA, Inc. to Surefil, LLC." (Mem. Supp. Motion to Compel, Ex. A) ("Second Discovery Request") The Second Discovery Request included: (1) First Request for Admissions, (2) First Interrogatories, and, (3) Second Request for Production of Documents and Things.

Surefil served ACMA with objections to the Second Discovery Request on May 23, 2008. (Mem. Supp. Motion to Compel, Ex. B) ("Surefil's General Objections"). This document lists six general objections to ACMA's Second Discovery Request:

> A. Surefil generally objects to the Requests to the extent they seek documents and information subject to the attorney-client privilege, the attorney work product doctrine or any other statutory or common law privilege.
>
> B. Surefil generally objects to the Requests as overly broad, unduly burdensome and beyond the scope of discovery permitted by the Federal Rules of Civil Procedure, including local rules, to the extent that it [sic] purports to require Surefil to supply ACMA with documents and information that are not within Surefil's actual possession, custody, or control.
>
> C. Surefil generally objects to the Requests to the extent it [sic] attempts to impose obligations beyond those required by the Federal Rules of Civil Procedure, including local rules.
>
> D. Surefil objects to the Requests insofar as they seek documents and information that are not relevant to, or are not reasonably calculated to lead to the discovery of evidence relevant to, any issue in this case.
>
> E. Surefil objects to each definition, instruction and request to the extent that it demands disclosures of any individual's home address or other confidential item of personal or private information, or purports to require Surefil to supply the requesting party with documents in violation of any obligations to protect the privacy and confidentiality of others.

  F. Surefil objects to these discovery requests to the extent that they call for information or documents in the possession, custody and/or control of third parties.

  Each of the General Objections set forth above is incorporated by reference into each specific response set forth below, regardless of whether the specific response explicitly restates that General Objection.

(Surefil's General Objections 2-3.)

On June 9, 2008, Surefil served ACMA with Responses to ACMA's First Requests for Admission. (Mem. Supp. Motion to Compel, Ex. C.) The responses included Surefil's first noted objections to the requests to admit.

Surefil did not file any written responses to ACMA's First Interrogatories or Second Request for Production of Documents and Things.

ACMA's attorney represents that on June 13, 2008, he conferred by telephone with Surefil's attorney in an attempt to resolve this discovery dispute. ACMA filed its motion on June 17, 2008.

### III. Discussion

**A.** **Defendant's General Objections**

Pursuant to Local Rule 26(C), "[u]nless otherwise ordered by the Court, an objection to any interrogatory, request, or application under Fed. R. Civ. P. 26 through 37, shall be served within fifteen (15) days after the service of the interrogatories, request, or application . . . ." E.D. Va. R. Civ. P. 26(C). Because ACMA served its Second Discovery Request on May 9, 2008, Surefil's objections were due on or before May 27, 2008.

Surefil timely filed General Objections on May 23, 2008. However, it did so in violation of the procedural rules federally, and this Court's local rules. Merely asserting general objections

3

and purporting to incorporate them into responses "below" fails to adhere to the requirement that objections be stated specifically. *See* Surefil's General Objections 3 ("[e]ach of the General Objections . . . is incorporated by reference into each specific response set forth below"); *see also* Fed. R. Civ. P. 33(b)(4); E.D. Va. R. Civ. P. 26(C) ("Any such objection shall be specifically stated."). Surefil's general objections fail to specify Surefil's objection regarding any particular interrogatory, request for production, or request for admission. Thus, the objections are insufficient, and cannot be recognized.

B.  **First Interrogatories and Second Request for Production of Documents**

Surefil's responses to ACMA's First Interrogatories and Second Request for Production of Documents and Things were due on or before June 11, 2008. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Surefil failed to file any responses to these requests. It did not attempt to respond to any request to the extent unobjectionable. *See* Fed. R. Civ. P. 33(b)(3); Fed. R. Civ. P. 34(2)(C).

Therefore, ACMA's Motion to Compel is GRANTED. Surefil is ORDERED to file responses to ACMA's First Interrogatories and Second Request for Production of Documents and Things within five (5) days of entry of this Memorandum Opinion and Order.

C.  **First Request for Admission**

Surefil timely filed a response to ACMA's First Request for Admission on June 9, 2008. *See* Fed. R. Civ. P. 36. However, the objections within the response were late. E.D. Va. R. 26(C). Surefil represents that it was unaware of the rule and that ACMA did not raise this defect

during the Rule 37 meet and confer conference.[1] ACMA contends it did confer before filing its motion, and clearly complains of the tardiness of the objections in its Motion to Compel. At the very least, the record establishes that Surefil filed objections beyond the permissible period.

Surefil objected to every request, except Request 3, maintaining that ACMA's Requests for Admission improperly ask for alternative applications of laws, seek alternative opinions of both law and fact, and that Surefil cannot answer each request with a simple admission or denial. The admissions seek a response applying Virginia law, and then Michigan law. ACMA argues that the Federal Rules of Civil Procedure do not prohibit requests for admission in the alternative.

An example of one request follows:

1. Surefil did not reject ACMA Machine when delivered to Surefil on the grounds that such delivery was nonconforming because of failure to comply with contracted for delivery dates or for any other reason under Article 2 of the Uniform Commercial Code as enacted in either the Commonwealth of Virginia (*e.g.*, Va. Code §§ 8.2-508, 8.2-510, 8.2-601) or the State of Michigan.

(Mem. Supp. Motion to Compel, Ex. A, at 2.)

In requests for admission, "[e]ach matter must be separately stated." Fed. R. Civ. P. 36(a)(2). Although the intent of ACMA's requests for admission is clear, the requests do not comply with the mandates of Rule 36. In their current form, Surefil cannot simply admit or deny any individual request as required by Rule 36(a)(4).[2] At the very least, the alternative statutes

---

[1] *See* Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.").

[2] *See* Fed. R. Civ. P. 36(a)(4) ("If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.").

should be listed separately. Deeming these requests admitted pursuant to to Fed. R. Civ. P. 36(a)(3)[3] would only muddy the record.

Despite the untimeliness of the objection, given the nature of the requests themselves, the Motion to Compel seeking relief for Surefil's response to the Requests for Admission is DENIED. Because it can submit proper Requests for Admission within the Court's discovery period, ACMA suffers no prejudice from this ruling.

**D.     Attorney's Fees**

In its Motion to Compel, ACMA requested attorney's fees in addition to seeking responses to its discovery. The Court will reserve finding on any fee award. Should the parties wish to be heard on the issue of fees, they must contact the Court no later than five (5) days from the date of this Memorandum Opinion and Order for hearing. Failure to contact the Court will result in a determination by the Court that the parties have resolved the issue of fees to their satisfaction.

### IV.  Conclusion

For the foregoing reasons, Plaintiff's Motion to Compel is GRANTED IN PART and DENIED IN PART. ACMA's Motion to Compel Surefil to respond to its First Interrogatories and Second Request for Production of Documents and Things is GRANTED. Surefil is ORDERED to file responses to ACMA's First Interrogatories and Second Request for Production of Documents and Things within five (5) days of entry of this Memorandum Opinion and Order.

---

[3] Fed. R. Civ. P. 36(a)(3) states in relevant part that, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves . . . a written answer or objection . . . ."

ACMA's Motion to Compel Defendant to respond to its First Request for Admission is DENIED.

An appropriate Order will issue.

/s/<br>
M. Hannah Lauck<br>
United States Magistrate Judge

Richmond, Virginia
Date: July 7, 2008