RECEIVED

2008 AUG -7 P 3: 43



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | |
|---|---|
| ACMA USA, INC. | ) |
| Plaintiff | ) |
| v. | ) Civil No. 3:08 - cv-71-HEH |
| SUREFIL, LLC | ) |
| Defendant | ) |

## CONSENT PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, that in connection with this case, any document or any information designated as "Confidential" by a producing party shall be used, shown or disclosed only as follows:

1. Any party producing documents pursuant to discovery herein may designate as "Confidential" any document so produced reflecting, referring to or relating to the assets, income, expenses, liabilities, profitability or other financial status of the producing party or any employee, agent, contractor, officer or director thereof, or the terms of any contract or agreement requiring or appearing to require such party to maintain confidentiality with respect to such document. A document shall be designated as confidential by marking each such as follows:

### "CONFIDENTIAL"

on a paper document and by giving appropriate similar notice with respect to any non-paper documents. The term "Confidential document" as used herein shall be construed to include the information contained in each document so designated to be confidential unless such information is otherwise available, provided that such other availability shall not have a arisen as a result of a breach of statute, regulation, contract or violation of any valid court order.

2. Confidential documents shall be made available only to "Qualified Persons" as defined in Paragraphs 3 and 4 hereof who shall have read this Stipulation and Order and who shall agree to its terms. No other persons shall have access to Confidential documents without approval of the party producing the Confidential documents or without approval of the Court, nor shall any other person be informed of the contents of any Confidential documents by any person having access thereto except as provided herein.

3. "Qualified Persons" as used herein means the Court and its officers and employees and, additionally, court reporters (including video recording personnel), counsel for the parties, clerical and paralegal employees assisting such counsel, prospective witnesses as to the subject matter of such Confidential documents (as determined by counsel in the exercise of good faith) and any representatives of the parties hereto who agree in writing to comply with the terms hereof.

4. Independent experts retained by any party may be included as "Qualified Persons" if they have executed a certification that they have read this Order and agree to its terms.

5. Counsel who obtain or procure a signed writing signifying a Qualified Person's agreement to comply with the terms of this order shall retain the original of such agreement and shall deliver a copy of such document to opposing counsel on or before the date of trial herein.

6. Confidential documents and Confidential information included therein may be used solely for the purpose of this civil action and for no other purpose.

7. Nothing contained in the Order shall prevent the use of Confidential documents at trial or at deposition. If such Confidential documents are used in depositions, all portions of the transcripts of such depositions and exhibits thereto which refer or relate to such Confidential

documents or the subject matter thereof shall be treated as confidential and the party introducing such Confidential documents or testimony relating to the subject matter thereof shall make arrangements with the reporter to separate the confidential portion of the transcript and exhibits and to have these portions identified as "Confidential." In addition, the deponent will be given a copy of this protective order and advised of its terms.

8. All Confidential documents other than proposed trial exhibits which are filed with the Court shall be filed in accordance with the procedures of Local Rule 5. The entry of this order shall not be deemed to affect or modify the provisions of Rule 5.

9. Any counsel for the nonproducing party who, other than in deposition or in open court, discloses to a Qualified Person Confidential documents or information contained therein produced by the other party to this cause shall, within five working days of such disclosure, deliver written notice of such disclosure to counsel for the producing party. This notice shall include the name, address and telephone number of the Qualified Person, the employer of such Qualified Person, and shall confirm that the Qualified Person has been given a copy of this Order.

10. In the event counsel for any party desires to disclose to any person other than a Qualified Person any Confidential documents, counsel for that party shall give at least seven days' advance written notice to counsel for the party from whom the Confidential documents were obtained and the identity (name, address and occupation) of each person to whom such disclosure is intended. The party from whom the Confidential documents were obtained shall have 5 days thereafter in which to notify counsel for the inspecting party in writing of any objection to such disclosure.

11. In the event that the party from whom the Confidential documents were obtained objects to the intended disclosure sought by counsel for the non-producing party, counsel for the parties shall endeavor to resolve all objections in the manner applicable to all other discovery disputes. In the event negotiations fail to resolve objections, counsel for the inspecting party may petition the Court, with notice to other counsel, for an order to allow disclosure.

12. Upon the entry of a final order disposing of this case and the satisfaction of any judgments rendered herein, all documents and testimony designated or treated as Confidential information and all copies thereof shall be returned to counsel for the producing party except for one archive copy to be retained by counsel only. If any Confidential documents are furnished hereunder to any expert or to any other person, the attorney for the party retaining such expert or furnishing such Confidential documents shall arrange for Confidential documents in the custody of such expert to be returned to counsel for the producing party.

13. In the event of any disputes regarding the bona fide confidential status of any document marked Confidential, the Court shall make the determination of confidentiality *de novo* and the marking of any document or other information as Confidential shall not create any presumption as to the confidentiality of such document. A determination that a document is not in fact confidential shall not excuse a violation of this order.

14. Nothing in this Order shall preclude either party from seeking amendments hereto broadening or restricting the rights to use Confidential documents or other modification hereof upon due cause.

ENTER: Aug. 8, 2008

/s/
United States District Judge

WE ASK FOR THIS:

W. R. Baldwin, III, Esq. (VSB #16988)
W. Reilly Marchant, Esq. (VSB #18591)
Marchant, Honey & Baldwin, LLP
5600 Grove Avenue
Richmond, VA 23226
Telephone: (804) 285-3888
Facsimile: (804) 285-7779
billbaldwin@comcast.net
ry@mthblaw.com
Counsel for Plaintiff/Counterclaim Defendant

Bruce M. Marshall, Esquire (VSB #18093)
Christine A. Williams, Esquire (VSB #47074)
DuretteBradshaw, PLC
600 East Main Street, 20th Floor
Richmond, VA 23219
Telephone: (804) 775-6900
Facsimile: (804) 775-6911
bmarshall@durrettebradshaw.com
cwilliams@durrettebradshaw.com
Counsel for Defendant/Counterclaim Plaintiff

5