IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ACMA USA, INC.,

        Plaintiff,

v.                                     Civil Action No. 3:08CV0071

SUREFIL, LLC,

        Defendant.

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING ALLEGED SUREFIL DISPUTES WITH OTHER VENDORS

Defendant/Counterclaim Plaintiff, Surefil, LLC, ("Surefil"), by counsel, moves for entry of an order prohibiting Plaintiff/Counterclaim Defendant, ACMA USA, Inc., ("ACMA USA"), from directly or indirectly introducing, arguing, referring to, inquiring about or mentioning in any way throughout the course of this trial any evidence regarding alleged other disputes and/or lawsuits between Surefil and other vendors. Such evidence is irrelevant to any of the issues in dispute before this Court. As such, evidence pertaining to same is inadmissible pursuant to Rule 402 of the Federal Rules of Evidence. Furthermore, any probative value of such evidence is outweighed by its unduly prejudicial impact on Surefil. *Fed. R. Evid.* 403. For the following reasons, Surefil respectfully requests that this Court determine such matters to be inadmissible evidence and enter an Order excluding them from trial.

### ARGUMENT

As a relatively new company, Surefil has done business with numerous vendors in relation to the start-up of its plant and in the performance of its ongoing operations. For the first

year of its existence, Surefil had one production line ("Line 1"). The issues in the case at bar pertain to a defective liquid filler/capper machine supplied by ACMA USA for Surefil's second production line ("Line 2"), which was installed in April, 2007.

Not surprisingly, Surefil has experienced some disagreements with a few of its vendors, and some of these disputes have resulted in litigation. ACMA USA has spent a considerable amount of time during the discovery phase of this case focusing on these disputes and/or lawsuits. Many involve the production line not at issue here. For instance, during the deposition of a witness whom ACMA USA intends to call at trial[1], the following exchange occurred:

> Q. Did you have any dealings with any of the people who were involved in providing either the machines used **in line one** or providing services related to the installation of **line one**?
>
> A. Yes, after the fact. But I dealt with every company represented there.
>
> Q. Were there any disputes with any of these companies?
>
> A. Definitely.
>
> Q. If you could name the companies with whom Surefil had disputes with regard to this line one and summarize the nature of each dispute, please.

Deposition of Martin Chism, pp. 11-12 (emphasis added).

Or, as the following exchange shows, the proposed evidence involves issues pertaining to litigation wholly unrelated to the issues in this case:

> Q. While you were at Surefil, were you tasked by Mr. Hunt with providing any support for any litigation in which Surefil was involved?
>
> MS. WILLIAMS: Objection to form.
> THE WITNESS: Yes.

---

[1] This witness worked at Surefil from May, 2006 until November 1, 2007.

BY MR. BALDWIN:
Q. Can you tell me the name of the -- do you recall the lawsuit in which you were involved?

A. There were two of them. Surefil versus J.L. Galloup.

Q. Surefil versus or Galloup versus Surefil?

A. It was a -- I couldn't tell you which way it was, but it was a suit and a countersuit in both cases. The second one, Allied Mechanical Services, was a suit and a countersuit.

Q. Now, do you recall what it was that Galloup was seeking?

A. Galloup was seeking payment for, I believe, pumps, product pumps.

Q. And do you recall what it was that Allied Mechanical was seeking?

A. Allied Mechanical was seeking payment for fabrication -- payment for fabricated parts, such as elbows and piping clamps, things.

Deposition of Martin Chism, pp. 58-60.

ACMA USA's fishing expedition continued and again involved matters involving Line 1 or which did not involve either Line:

> Q. Now, were there disputes with customers that did not end up in litigation, other than those which you have previously outlined?
>
> MS. WILLIAMS: Objection to form.
> THE WITNESS: Disputes with suppliers, perhaps?
>
> BY MR. BALDWIN:
> Q. Yes. I'm sorry. I did not mean customers. I meant vendors of Surefil.
>
> A. Yes. ...
>
> A. The first time we did it was with regards to Team Packaging/Dana Plastics. Team Packaging is a broker of bottled parts. They find you manufacturers of bottles and caps. Dana Plastics actually makes bottles and caps. They're a blow molder. Dana Plastics produced some faulty bottles for a mouthwash product.
>
> Q. This was a Surefil production?

3

A. Yes. Surefil was filling mouthwash for a company called Personal Care. We experienced a large amount of downtime due to this. We lost many units of actual product due to the bottles actually had pinholes or pin-sized holes in them, so we had leaky product and a lot of cleanup.

Q. Do you know which line this production took place on?

A. **It was line one. It was quite a while before line two was installed.** ...

Q. Do you recall -- can you give any specifics of those other instances?

A. Yes. Trivalent Computers. Trivalent was a company involved with Surefil **before I arrived at Surefil.**...

Q. And do you recall any kind of dispute with a company by the name of GR Labels?

A. Yes.

Q. What was the nature of that dispute?

A. We were making -- we had made up a start-up product for a company called Bonnie Bell, and Bonnie Bell produces body sprays and shampoos and soaps for young girls. We produced their initial line of a beach-type body spray.

Q. Was this line one or line two?

A. **This was neither. This was hand-filled.**

Deposition of Martin Chism, pp. 61-65, 67 (emphasis added).

None of the matters set forth above has anything to do with this case. Moreover, there is no probative value. Perhaps ACMA USA has focused on these matters to shift the attention away from its own improper conduct and the faulty machine it supplied to Surefil. Whatever the reason, this case is about a dispute between Surefil and ACMA USA and ACMA USA's related Italian entities -- and no one else. To the extent ACMA USA may seek to introduce evidence about a dispute between Surefil and an unrelated party about unrelated issues, such evidence is

4

irrelevant to this litigation and therefore inadmissible. *Fed. R. Evid.* 402. Further, any probative value this evidence may have is far outweighed by the unfair prejudice it would cause Surefil if admitted. *Fed. R. Evid.* 403.

## CONCLUSION

WHEREFORE, for the reasons stated herein, Surefil, LLC, respectfully requests this Court to exclude any evidence pertaining to alleged disputes and/or lawsuits between Surefil and other vendors.

SUREFIL, LLC,

By /s/ Bruce M. Marshall
Of Counsel

Bruce M. Marshall, Esquire (VSB #18093)
Christine A. Williams, Esquire (VSB #47074)
DuretteBradshaw, PLC
600 East Main Street, 20th Floor
Richmond, Virginia 23219
Telephone: (804) 775-6900
Facsimile: (804) 775-6911
bmarshall@durrettebradshaw.com
cwilliams@durrettebradshaw.com
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

W. R. Baldwin, III, Esquire
W. Reilly Marchant, Esquire
Marchant, Honey & Baldwin
5600 Grove Avenue
Richmond, Virginia 23226

                          /s/ Bruce M. Marshall
                          Bruce M. Marshall
                          DurretteBradshaw, PLC
                          600 East Main Street, 20th Floor
                          Richmond, Virginia 23219
                          Telephone: (804) 775-6900
                          Facsimile: (804) 775-6911
                          bmarshall@durrettebradshaw.com