IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ACMA USA, INC.,

        Plaintiff,

v.                                    Civil Action No. 3:08CV0071

SUREFIL, LLC,

        Defendant.

## DEFENDANT'S MEMORANDUM IN SUPPORT
## OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE
## REGARDING THE PURPORTED WAIVER OF ANY WARRANTIES

Defendant/Counterclaim Plaintiff, Surefil, LLC, ("Surefil"), by counsel, moves to exclude evidence regarding the purported waiver of any warranties by Surefil in favor of Plaintiff/Counterclaim Defendant ACMA USA, Inc., ("ACMA USA"). The warranty language in the contract documents is susceptible of only one application, and such application can therefore be established as a matter of law. For the following reasons, Surefil respectfully requests that this Court determine that the warranty language in the contract documents -- assuming its validity -- runs only in favor of ACMA USA's affiliate, ACMA S.p.a., and to therefore hold as inadmissible any evidence offered regarding same in this case, and enter an Order excluding such evidence from use at trial.

## APPLICABLE FACTS

The documents exchanged between the parties to this case are attached as Exhibits 1-3 to the Counterclaim ("the Contract"). Exhibit 3 (the Order Confirmation) contains the final specifications and terms and conditions because it was the last document exchanged between the

parties. As described in more detail *infra,* the language in the Contract makes clear that any purported waiver of all implied warranties inures only to the benefit of ACMA USA's affiliate, ACMA S.p.a., an Italian organization. Thus, the purported waiver of all implied warranties does not apply to ACMA USA.

In the alternative, if the Court finds that the purported waiver of all implied warranties applies to ACMA USA, Surefil asks the Court to find such language to be insufficient as a matter of law to disclaim any warranties. The language is not conspicuous and is therefore not binding upon Surefil.

## ARGUMENT

**1.    ACMA USA Does Not Get The Benefit Of The Purported Disclaimer**

While the Contract does not define "Seller," it is clear from the Contract documents themselves and the language therein that the "Seller" is an Italian entity, ACMA S.p.a., the manufacturer of the machine. For example, in the upper left corner of every page of the Contract, there is a reference to "ACMA LIQUID DIVISION Corniani – Ocea," located in Pozzolo, Italy, with reference to its parent company, ACMA S.p.a., in Bologna, Italy. Under the "Terms & Conditions," the Contract speaks of the letter of credit being "established in favour of ACMA S.p.a., Bologna." Reference is made to Italy in at least four other places. *See* ¶¶5, 6 of the "Terms & Conditions." Finally, the Contract attempted to limit customer-instituted legal actions to the Bologna courts. ¶14.[1]

ACMA USA is referenced only once in this entire document and that is in ¶9 of the "Terms and Conditions" to note that a "Delivery time has been determined by Surefill [sic] and ACMA USA. The required delivery date to Surefil is February 15, 2007." Notably, the

---

[1] As can be seen from the language of ¶14, Surefil did not agree to this term.

remainder of that paragraph references ACMA and not "ACMA USA," further indicating that the "Seller" (and manufacturer) is ACMA S.p.a. and not ACMA USA. It is undisputed that this is a document drafted by ACMA S.p.a. or ACMA USA. As such, in the event of an ambiguity in a written contract, the ambiguity is construed against the drafter of the agreement, here ACMA USA or ACMA S.p.a. *Donnelly v. Donatelli & Klein, Inc.*, 258 Va. 171, 183, 519 S.E.2d 133, 140 (1999).

Inasmuch as ACMA S.p.a. is the "Seller" under the "Terms & Conditions," only it receives the benefit of the purported waiver of all implied warranties. This is in line with the fact that ACMA S.p.a. actually manufactured the machine.

## 2.    In The Alternative, The Purported Exclusion Of Implied Warranties Is Insufficient As A Matter Of Law

It is still unclear in this case whether Michigan or Virginia law applies. The two state's Uniform Commercial Codes are obviously similar. Both hold that unless conspicuously excluded, implied warranties are included in a contract for the sale of goods. Virginia Code §§8.2-314, 8.2-315; MCL §§440.2314, 440.2315.

The provision in the Contract purporting to exclude all implied waivers is reproduced below:

> 11. RELEASE AND EXCLUSION OF WARRANTY
> Prior to the end of one year from date of shipment, or after a maximum of 2000 working hours, Seller will replace freight/carriage paid to the port/airport of destination any parts, other than electrical equipment, which in Seller's opinion have proved defective in material or workmanship. Such parts, of fragments thereof sufficient to enable Seller to decide the cause of the failure, must in all cases be sent to Seller at Customer's expenses for inspection by Seller. Customer shall not be entitled to rescission of the contract or reduction of the purchase price under any circumstances. The foregoing states Seller's sole liability and responsibility under this contract. Except for the foregoing express warranties, all equipment is sold "as is", and all implied warranties, including warranties of merchantability or fitness for a particular purpose, are excluded.
> Seller shall not be responsible under any circumstances for any direct, indirect, consequential, economic, special, incidental or other damages (including production losses or similar economical damages) arising out of any transaction, or for any claim or cause of action whatsoever, except that Seller shall replace or repair parts as specifically set forth above.
> If for any reason a part of or the total payment of the purchase price has been deferred, defects of the equipment shall not justify with-holding of such payment.

Both Virginia and Michigan statutory law define "conspicuous" to refer to a term "that a reasonable person against whom it is to operate ought to have noticed it." Virginia Code §8.1A-201(10); MCL §440.1201(10). Both jurisdictions also declare that language in the body of a

form is "conspicuous" if it is in larger type than the surrounding text or is in contrasting type, font or color. *Id.*

The language reproduced above fails this test as a matter of law. It is not of larger font or even in capital letters, nor is the language different from the surrounding text in font, color or type. Finally, this language is not set aside or differentiated in any way that would draw attention to it. Instead, this purported waiver of all implied warranties is inconspicuous as a matter of law.

WHEREFORE, for the reasons stated herein, Surefil, LLC, respectfully requests this Court to find that Surefil has not waived any warranties as they pertain to ACMA USA and to exclude any evidence relating to same.

SUREFIL, LLC,

By /s/ Bruce M. Marshall
Of Counsel

Bruce M. Marshall, Esquire (VSB #18093)
Christine A. Williams, Esquire (VSB #47074)
DuretteBradshaw, PLC
600 East Main Street, 20th Floor
Richmond, Virginia 23219
Telephone: (804) 775-6900
Facsimile: (804) 775-6911
bmarshall@durrettebradshaw.com
cwilliams@durrettebradshaw.com
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

W. R. Baldwin, III, Esquire
W. Reilly Marchant, Esquire
Marchant, Honey & Baldwin
5600 Grove Avenue
Richmond, Virginia 23226

/s/ Bruce M. Marshall
Bruce M. Marshall
DuretteBradshaw, PLC
600 East Main Street, 20th Floor
Richmond, Virginia 23219
Telephone: (804) 775-6900
Facsimile: (804) 775-6911
bmarshall@durrettebradshaw.com
